CRYSTALEID WATER CO. v. SCHULTZ.

(Supreme Court, Special Term, New York County.  May 23, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 60*)—INFRINGEMENT—WHAT CONSTITUTES
    —BOTTLES.

  A person engaged in selling bottled water cannot enjoin another in the
same business from using a bottle with dimensions similar to plaintiff's
bottle, where bottles of substantially the same construction have been
used for many years by others than plaintiff, where defendant uses a
paper label on his bottle wholly different in shape, color, and markings
from plaintiff's label, and causes prominent and distinctive markings to
be blown into the bottle, and where the stoppers, although the same on
both bottles, are such as are in general use.

  [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 73, 74; Dec. Dig. § 60.*]

Action by the Crystaleid Water Company against Carl H. Schultz
for an injunction and damages.  Complaint dismissed.

William W. Cantwell, of New York City, for plaintiff.

Theodore Hansen, of New York City (A. J. Dittenhoefer, I. M.
Dittenhoefer, and Henry Halsey, of New York City, of counsel), for
defendant.

GIEGERICH, J.  The plaintiff seeks to enjoin the defendant from
the use of a certain form of bottle designated the "square bottle," and
for damages for the defendant's past use of such bottle.

Both the plaintiff and the defendant sell bottled water.  The plain-
tiff, or its predecessor in title to the business, since 1905 has been
selling water contained in a bottle claimed to be of such distinctive
shape and character that the plaintiff asserts and seeks to enforce
an exclusive right to the use of such bottle.  The complaint alleges
that the main purpose was to provide the public with a bottle that is
convenient and useful.  The evidence shows that the bottle is of such
a character.  It has rounded corners so that it is easy to clean, and
is generally square, or at least rectangular, in shape, so as to pack
conveniently for shipment, and is short enough to be contained in the
ordinary refrigerator.  In every respect it seems to be a bottle admira-
bly suited to the use made of it by the plaintiff and the defendant.  The
plaintiff has failed, however, to establish that it or its assignor was
the first one to use such a bottle.  On the contrary, it is shown that
bottles of substantially the same style of construction have been used
for about 20 years, and that in the early days of its use the bottle
was patented.  It is true that the dimensions of the defendant's bot-
tle are very similar to those of the plaintiff, but I do not think, in
view of the other facts stated, that this circumstance shows any un-
fair trade competition.  It is a matter of general knowledge that vari-
ous bottles or jars used for certain common purposes, such as milk
bottles, fruit jars, and even the large water bottles containing four
or five gallons, and now in such common use, come to have a gener-
ally adopted form and size.  The receptacle which is the most con-
venient and useful for the particular purpose comes to take the form

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and size it does for those very reasons, and it is manifest that courts should be cautious in imposing such a public inconvenience as would result from recognizing an exclusive right in any one claimant to receptacles that have thus come into use.

In this case it does not seem to me that the public will be deceived and purchase the product of the defendant for that of the plaintiff. The defendant has employed a paper label on its bottle wholly different in shape and color and markings from that of the plaintiff. It has also caused to be blown into the sides of the bottle prominent and distinctive markings. It is true that the stoppers are the same, but they are stoppers in general use and peculiarly suited to the requirements of a water bottle.

The complaint should be dismissed upon the merits, with costs to the defendant. Submit, with proof of service, requests for findings in accordance with these views.